Citation Nr: 1817427 
Decision Date: 03/22/18 Archive Date: 04/03/18

DOCKET NO. 14-30 110 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for headaches.


REPRESENTATION

The Veteran represented by: Colin E. Kemmerly, Esq.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

I. M. Hitchcock, Associate Counsel 


INTRODUCTION

The Veteran served honorably on active duty with the United States Army from January 1968 to January 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

The Board notes that the Veteran had filed a notice of disagreement on the issue of entitlement an initial increased rating for the service connected tinnitus in November 2011. In June 2014, the RO sent the Veteran and his representative a Statement of the Case (SOC) that included this issue. However, the Veteran only perfected the issue of service connection for headaches on the August 2014 VA Form 9, Appeal to Board of Veterans' Appeals. Therefore, since this issue has not been perfected, it is not before the Board for appellate consideration. See 38 C.F.R. § 20.200 (2017). 

In October 2017, the Veteran testified at a videoconference hearing in Montgomery, Alabama, before the undersigned Veteran's Law Judge (VLJ). A transcript of this hearing has been associated with the claims file. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran claims that his headaches are secondary to his service-connected tinnitus disability. The Veteran has reported that he has had headaches since his time in service, but that he did not seek treatment at the infirmary because it would take him off flight duty. The Veteran further asserts that he had continued problems after service and had an in-depth workup in 1977, for which he submitted a receipt for diagnostic testing, but not the actual records themselves. Further, the Veteran stopped treatment for a period of about 15 years because he did not have insurance. 

The Veteran was afforded a VA examination in connection with his claim in April 2014. After review of the Veteran's file and an in-person examination, the examiner noted that it is less likely than not that the Veteran's migraines are secondary to the Veteran's tinnitus. In so finding, the examiner noted that current medical research does not support migraines as due to service-connected tinnitus. Further, the post-service medical records are silent for migraines and the January 2011 VA examination for tinnitus is silent for headaches, secondary to tinnitus.

The Board finds that this examination is inadequate for several reasons. First, the Veteran has claimed generally that he has headaches, not migraines (although migraines have been disagnosed since service by private physicians). Second, there is no reference to any question about whether the Veteran experiences headaches (as opposed to migraines) as a result of his tinnitus. Finally, the examiners have not commented on whether the Veteran's service-connected tinnitus could be aggravating his headache condition. 

On remand, given that the current VA examination is adequate to address the Veteran's theory of service connection, the Veteran should have an opportunity to have additional testing on his claim of service connection for headaches. See Barr v. Nicholson, 21 Vet. App. 303 (2007). 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an examination for his headaches disability. The claims file and a copy of this Remand should be made available to the examiner. 

The examiner is asked to provide opinions and include a detailed rationale as to the following questions:

Does the Veteran have a current disability related to headaches? If so, is it at least as likely as not (50 percent or greater probability) that the Veteran's service-connected tinnitus disability has caused or aggravated any diagnosed headache disorder?

In providing these opinions, the examiner should acknowledge the Veteran's current service-connected tinnitus disability. Further, the examiner should note that the Veteran is competent and credible to report his history of symptoms, as well as his medical treatment history, including the diagnostic testing he received in 1977. 

The examiner must include in the medical report the rationale for any opinion expressed, based on the reviewer's clinical experience, medical expertise, and established medical principles. However, if the examiner cannot respond to an inquiry without resorting to mere speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion, stating what, if any, additional evidence would permit such an opinion to be made

2. Readjudicate the appeal.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
L. M. BARNARD 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).